# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION FILE** |
| **v.** | ) | |
| | ) | **NO. 1:18-cr-126-MLB-AJB** |
| **SALEEM HAKIM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Defendant Saleem Hakim is charged by way of a criminal information with three counts of wilfully failing to file a tax return, in violation of 26 U.S.C. § 7203. He has chosen to proceed pro se.[1] He has filed several pretrial motions. [Docs. 14, 14-1 though 14-4, 17, and 18]. The Court heard argument on the motions at the pretrial conference. The undersigned **RECOMMENDS** that the motions be **DENIED**.

### *ECF No. Doc. 14*

His first motion is styled "Notice of Demand in the Form of a Motion to Dismiss (With Prejudice) for Egregious Prosecutorial Conduct / Counter-claim." [Doc. 14]. It

---

[1]    A *Faretta* hearing was held at arraignment before Magistrate Judge Anand. [Doc. 8; Doc. 13-1 at 11-23]. *See Faretta v. California*, 422 U.S. 806 (1975). Judge Anand concluded that Defendant has chosen to represent himself knowingly, voluntarily, and willfully and with full notice of his right to counsel and court-appointed counsel. [Doc. 13 at 23].

contains a number of nonsensical allegations commonly filed in both criminal and civil cases by so-called "sovereign citizens," allegations that courts repeated have rejected as no more than gibberish. *See United States v. Cartman*, No. 1:10-CR-512-01-JEC, 2013 WL 2445158, at *2 (N.D. Ga. June 5, 2013), *aff'd*, 607 Fed. Appx. 888 (11th Cir. Apr. 8, 2015); *see also Hartmann v. Schauer*, No. 16-CV-3970 (PJS/BRT), 2017 WL 3575851, at *1 (D. Minn. Aug. 18, 2017) ("Hartmann's complaint is largely incoherent, full of the sort of irrelevant, out-of-context legal gibberish common to tax protesters and adherents of the 'sovereign citizen' movement."); *E-Yage Bowens v. Adams*, No. 4:16CV495-RH/GRJ, 2016 WL 6133842, at *1 (N.D. Fla. Oct. 18, 2016) ("The objections are rife with gibberish sometimes associated with an alleged 'sovereign citizen.' "); *United States v. Perkins*, No. 1:10-CR-97-1-JEC-LTW, 2013 WL 3820716, at *2 (N.D. Ga. July 23, 2013) ("In proceedings, the observant sovereign-citizen defendant clings doggedly to the sovereign-citizen script, which the record in this case reveals to be tedious and mind-numbingly repetitious. Any colloquy with the court is usually characterized by frequent interruptions by the defendant, who attempts to talk over the judge. For the most part, the defendant's statements to the Court are gibberish."), *aff'd*, 787 F.3d 1329 (11th Cir. 2015); *United States ex rel. Goldsmith v. Schreier*, No. CIV. 12-4155, 2012 WL 4088858, at *4

2

(D.S.D. Sept. 17, 2012) (citing cases).  In his motion, Defendant also makes broad conclusory allegations unsupported by any facts, for example, *see*, *e.g.*, section titled "Concealment of Evidence," [Doc. 14 at 6], that are insufficient to warrant discussion, much less dismissal of the charges.  *See United States v. Brown*, No. CR 210-31, 2011 WL 703603, at *1 (S.D. Ga. Feb. 22, 2011) ("Defendant's unsubstantiated and conclusory allegations . . . simply do not justify dismissal of Defendant's indictment."), *aff'd*, 462 Fed. Appx. 918 (11th Cir. Mar. 22, 2012); *United States v. Rose*, No. CRIM. 06-00092-CG, 2006 WL 2575195, at *1 (S.D. Ala. Sept. 6, 2006) (denying motion to dismiss where the motion made only general and conclusory statements about why the indictment was deficient and failed to cite any legal support for those general allegations).  *Cf. United States v. Rodriguez*, 414 F.3d 837, 842 (8th Cir. 2005) (conclusory allegations of falsehood are insufficient for dismissal of indictment based on false testimony presented to grand jury); *United States v. Comosona*, 614 F.2d 695, 697 (10th Cir. 1980) ("Conclusory allegations of prejudice, otherwise unsupported in the record, do not constitute valid grounds for dismissal of the indictment.").

3

Despite these glaring deficiencies and Defendant's illogical arguments, the Court has considered Defendant's pro se status[2] and attempted to discern from Defendant's motions his specific complaints that can capable of cogent discussion.  First, many of these complaints concern Defendant's claim that he is not the defendant but rather some representative of the defendant, separate and apart from him.  [Doc. 14 at 2, 3, 5, 7; *see also* Doc. 19 ("Notice of the Authorized Representative's Special Appearance on the Record for Pretrial Conference")].  Defendant's attempt to construe himself as some other person or a separate corporate or other entity under the Uniform Commercial Code ("U.C.C.") by notations such as "ens legis," has no basis in law.  Merely spelling a name in uppercase letters or only lowercase letters, reversing the order of one's name, or spewing irrelevant Latin phrases, do not create a different person or create an "artificial entity" or a corporation under the law.  Most importantly, Defendant's writings and statements do not negate the allegations of the Information or that the Information has been validly filed.  Further, Defendant's claiming that his name is

---

[2]    The Court recognizes that Defendant repeatedly makes a claim that he is not proceeding pro se.  Such a claim misstates the obvious.  He has been charged with federal crimes.  He was advised of the right to counsel and the right to be considered for court-appointed counsel if he qualified under 18 U.S.C. § 3006A.  He rejected both opportunities.  He appeared in court by himself and filed and argued his motions without a lawyer's assistance.  He most assuredly is proceeding pro se.

4

copyrighted or trademarked and that therefore the Government cannot name him in the Information charging that he committed various crimes, or that he is entitled to relief because his name with a trademark symbol refers to a corporation while his name with a copyright symbol refers to him as an individual, is simply ridiculous verging on the irrational. *Praileau v. Fischer*, 930 F. Supp. 2d 383, 393 (N.D.N.Y. 2013); *see also Ausler v. United States*, 545 F.3d 1101, 1104 (8th Cir. 2008) (holding that criminal defendant's claim that his name was copyrighted and that the Magistrate Judge was not authorized to use the name in court proceedings was "frivolous on its face" and the copyright claim was "purely imaginary"); *Jordan v. United States*, No. 1:07-CV-45 (WLS), 2007 WL 3005326, at *4 (M.D. Ga. Oct. 12, 2007) ("[The defendant's] assertions of the applicability of the Uniform Commercial Code, his personal sovereignty, and his copyright to his name are incorrect, irrelevant, and immaterial to his criminal prosecution, conviction and sentence."); *Gibson v. Crist*, No. 307CV274/MCR/EMT, 2007 WL 2257522, at *1 (N.D. Fla. Aug. 6, 2007) (holding that plaintiff's allegation of copyright or trademark infringement against Defendants for their use of his name is clearly frivolous); *Peters v. Beard*, No. 4:06-0935, 2006 WL 2174707, at *3 (M.D. Pa. June 13, 2006) (dismissing plaintiff's complaint as frivolous where, as here, plaintiff claimed that department of corrections personnel used

5

his copyrighted name without permission).  *Cf.* 17 U.S.C. § 102; 37 C.F.R. § 202.1 (names are not proper subject matter for copyright protection).  Also, Defendant may not use commercial law theories based on the U.C.C., such as the "lack of a signed contract[]," [Doc. 14 at 7], to attack this prosecution.  *See Harris v. Wands*, 410 Fed. Appx. 145, 147-48 (10th Cir. Feb. 1, 2011) (rejecting U.C.C. arguments in challenge to conviction and sentence); *Sprueill v. United States*, Nos. 1:12CV208, 1:10CR381-1, 2013 WL 1811760, at *2 (M.D.N.C. Mar. 28, 2013) ("Petitioner apparently seeks to discharge his criminal judgment using terms and instruments generally associated with commercial law involving creditors and debtors.  However, this is not a valid means of collaterally attacking his criminal judgment or sentence.") (citing *Harris*, 410 Fed. Appx. at 147) (R&R), *adopted*, 2013 WL 1800057 (M.D.N.C. Apr. 29, 2013); *United States v. Mitchell*, 405 F. Supp. 2d 602, 603-05 and n.4 (D. Md. 2005) (holding that "the use of all capital letters in the caption of an indictment is irrelevant to the issue of subject matter jurisdiction," and also discussing the origins of this and similar baseless arguments increasingly asserted in criminal cases).

In any event, as the Court explained at the pretrial conference, in order to convict Defendant of violating 26 U.S.C. § 7203, the Government must prove beyond a reasonable doubt three elements, that: (1) the taxpayer was required to file an income

tax return; (2) the taxpayer failed to file such return; and (3) the taxpayer's violation was willful, *United States v. Goetz*, 746 F.2d 705, 707 (11th Cir. 1984).  Part of the Government's burden in any criminal case is that it must prove the identity of the Defendant as the person who committed the alleged crime.  *United States v. Ayala*, 345 Fed. Appx. 421, 423 (11th Cir. Sept. 1, 2009) (citing 11th Cir. Pattern Jury Instructions (Criminal), Special Instructions § 3 (2003)).  Thus, to the extent that Defendant is claiming that somehow the Information is invalid because it does not establish his identity, that claim is a matter for trial and a pretrial motion to dismiss is not the proper way to assert his contention that the wrong person is charged in this case.

Just as important, the law in this Circuit is clear: in ruling on a motion to dismiss an indictment or information for failure to state an offense, the court is limited to reviewing the face of the indictment or information and, more specifically, the language used to charge the crimes.  *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992)).  A court may not "dismiss an indictment . . . on a determination of facts that should have been developed at trial." *Id*. (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)); *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978) (on a motion to dismiss the indictment the district court must not pierce

the pleadings or make a premature resolution of the merits of the allegations). This is

because "[t]here is no summary judgment procedure in criminal cases."

> Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.  Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face.  The indictment is sufficient if it charges in the language of the statute.
>
>> [A]n indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense.  An indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime.  *United States v. Cole*, 755 F.2d 748, 759 (11ᵗʰ Cir. 1985).

*Critzer*, 951 F.2d at 307-08; *see also* Fed. R. Crim. P. 12(b)(1) (providing that a party

may file a motion any defense, objection, or request "that the court can determine

without a trial on the merits").  Therefore, in ruling on Defendant's motion to dismiss,

the Court cannot address Defendant's contentions that the Government is unable to

prove certain facts, nor his counter-allegations that dismissal of the Information is

mandated because they call into question the Government's position that he is guilty

of the charged offenses, all of which are issues to be decided at trial.  Therefore,

Defendant's claim that the Information should be dismissed on this basis should be

denied.

AO 72A
(Rev.8/82)

Second, Defendant contends that his affidavits or notices that he has filed, [*see* Docs. 6, 15, and 16; *see also* Doc. 19], require dismissal of the charges against him. [Doc. 14 at 2-3]. Again, the Court is without authority to consider at the pretrial stage whether the Government's evidence is sufficient to convict Defendant or Defendant's evidence is sufficient to create a reasonable doubt.

Further, to the extent that through these affidavits or notices Defendant is claiming a due process violation in the manner in which notice of the charges was served upon Defendant, the information filed in this case is sufficient to place Defendant on notice of the charges against him. In general, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). An indictment or information need only meet minimal constitutional standards, and the sufficiency of an indictment or information is determined by "practical rather than technical considerations." *United States v. Willis*, 583 F.2d 203, 207 (5th Cir. 1978); *see also Southern Ry. v. United States*, 88 F.2d 31, 33 (5th Cir. 1937) ("a criminal information, like an indictment, must charge every element of the crime, in order that the accused and the court may know the exact offense intended to be charged, and the record be sufficient to support a plea of former

9

acquittal or conviction").[3]  A charging document is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Pacchioli*, 718 F.3d 1294, 1307 (11th Cir. 2013).  The Information does just that, and Defendant's countering evidence, if the District Judge deems it admissible, is for consideration at trial and not a proper subject of a pretrial motion to dismiss.

Additionally, the record discloses that Defendant was arrested on a warrant issued following the filing of the Information in this case, and that the warrant was supported by probable cause.[4]  [*See* Doc. 7 at 1-2].  Probable cause to issue an arrest warrant exists when the application sets forth facts and circumstances sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the

---

[3]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4]     "A probable cause determination is not a constitutional prerequisite to filing of the information itself."  *United States v. Millican*, 600 F.2d 273, 276 (5th Cir. 1979); *see also Gerstein v. Pugh*, 420 U.S. 103, 125 n.26 (1975).  A finding of probable cause is required only when the information is the basis of an arrest warrant. *Gerstein*, 420 U.S. at 114; *Albrecht v. United States*, 273 U.S. 1, 5 (1927).

AO 72A
(Rev.8/82)

circumstances shown, that the suspect has committed the offense alleged. *See Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979); *see also Adams v. Williams*, 407 U.S. 143, 149 (1972) ("Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction."). The affidavit in support of the arrest warrant in this case, [Doc. 4-1], sets out that since approximately 2008, Defendant has been a resident of Georgia, and that in 2011 through 2013, Defendant and his spouse's gross income exceeded the minimum amounts triggering the requirement to file a federal income tax return for those years; that during the relevant years, significant deposits were made into business bank accounts controlled by Defendant, said deposits including sums paid to Defendant and/or his businesses for the sale and purchase of precious metals; and that during these tax periods, substantial personal expenditures were made using funds from Defendant's business accounts, in excess of the threshold amounts triggering the requirement to file a federal income tax return in the respective years; and that in a deposition in 2016, Defendant admitted under oath that he earned a percentage of between fifteen to twenty percent of his clients' conversion of assets into precious metals, and that he or his businesses had not ever filed income taxes. [*Id.* at 2-5]. Thus, probable cause existed for the issuance of the arrest warrant following the filing of the Information.

11

Third, to the extent that Defendant alleges that his arrest warrant is invalid, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980); *United States v. Brown*, 602 F.2d 1073, 1077 (2d Cir. 1979) (noting that, even if the officers lacked probable cause to support the defendant's arrest, "the proper remedy would be suppression of the evidence rather than dismissal of the indictment"); *United States v. Marks*, No. 11-80072-CR, 2013 WL 4502319, at *5 (S.D. Fla. Mar. 5, 2013), *adopted by* 2013 WL 4502309, at *1 (S.D. Fla. Aug. 23, 2013) ("False statements in search warrant application(s) are not a ground for dismissal of an indictment."). In any event, the arrest warrant was properly issued because it was supported by probable cause and Defendant has not shown any defect.

Fourth, Defendant's claim that his arrest on the warrant is invalid because there is "no proof of positive identification," [Doc. 14 at 3], is frivolous. Suffice it to say that the Information charges "Saleem Hakim" and Defendant presumably contends that he is Saleem Naazir Hakim or some variation of that name but without capitalization, as evidenced by his filings in the Eastern District of Michigan. *See Hakim v. Sparks*, No. 5:18-mc-50654-JEL-DRG (E.D. Mich. filed Apr. 27, 2018), at ECF No. 2. His filings in the Michigan case–since they are in effect his admission that the target letter

12

names him–is sufficient proof of his identity to allow a trial on the merits of the Information.

Fifth, he was properly arrested.  A federal arrest warrant may be executed within the jurisdiction of the United States, by any authorized person. Fed. R. Crim. P. 4(c)(2).  An IRS Criminal Investigator, such as Special Agent Topolewski, the arresting officer in this case, is authorized by law to make arrests. 26 U.S.C. § 7608(b)(1), (2).  Defendant's rants about Special Agent Russo and her failure to show identification do not affect this analysis or require a different result.  In any event, even if Defendant was illegally arrested, dismissal of the charges is not the appropriate remedy. *Crews*, 445 U.S. at 474 ("Respondent himself is not a suppressible 'fruit' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt . . .").

Sixth, Defendant's nonsensical and completely frivolous allegations about "presumption of a breach of compelled performance," [Doc. 14 at 3-4], that appear to be a reference to the U.C.C., do not warrant dismissal of the information.  *Babcock v. Metrish*, 465 Fed. Appx. 519, 526 (6th Cir. Mar. 7, 2012) (noting the U.C.C. governs commercial transactions and "is not a source of substantive rights in a criminal action"); *United States v. Burris*, 458 Fed. Appx. 265, 266 (4th Cir. Dec. 19, 2011)

AO 72A
(Rev.8/82)

(recognizing that "the UCC is inapplicable in criminal cases"); *United States v. Nabaya*, No. 3:17CR3, 2017 WL 1424802, at *4 (E.D. Va. Apr. 19, 2017) ("Nothing supports Nabaya's argument that the UCC provides a basis, under contract principles or otherwise, for him to reject this Court's jurisdiction in his criminal case.").

Seventh, Defendant's claims that the present proceeding is infected or barred by actions in the Eastern District of Michigan have no basis in fact or law and are frivolous.  Based on the statements at the pretrial conference and review of the record in *Hakim v. Sparks*, No. 5:18-mc-50654-JEL-DRG, in February 2018, it appears that the Department of Justice, Tax Division, delivered a letter to Defendant advising him that he was a target of a federal grand jury investigation in that district for violations of federal law, including tax evasion in violation of 26 U.S.C. § 7201. Case 5:18-mc-50654-JEL-DRG, ECF No. 2, at 50.  It appears that Defendant then attempted to file an action in the Eastern District of Michigan by filing a "Certificate of Default Judgment" against Tax Division attorneys and Special Agent Russo, the IRS-CI agent, *id.*, ECF No. 2, and also filed affidavits in support of the clerk's entry of default.  *Id.*, ECF Nos. 4, 5.  No order has been entered by any of the judges assigned to that matter.  *See* Dkt., Case 5:18-mc-50654-JEL-DRG.

14

Regardless, the civil action in the Eastern District of Michigan has no effect whatsoever on whether the Government is entitled to initiate the criminal prosecution of Defendant in this District.  Defendant's Eastern District of Michigan case is similar to "actions" filed by other persons who believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.  *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792-KOB, 2013 WL 1281776, at *1 n.3 (N.D. Ala. Mar. 27, 2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making.  Such tactics do not create valid legal documents.").  Defendant has not demonstrated how a case that he himself filed against individual Government employees in Michigan bars his present prosecution.

Furthermore, to the extent that Defendant complained at arraignment that the current prosecution is barred by the Double Jeopardy Clause, [*see* Doc. 13 at 17], the "[Double Jeopardy] Clause protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997). While courts use a multi-factor test to determine whether a civil sanction is so punitive

15

in purpose or effect as to be in actuality a criminal penalty, *id.*, in the present case, there is no evidence that the Government sought or assessed a prior civil penalty against Defendant.[5]   To the contrary, the proceeding  that Defendant argues bars his prosecution in this District is an action–albeit frivolous–that he himself brought in the Eastern District of Michigan.  Moreover,  "[t]he protections of the Double Jeopardy Clause only attach when the accused has actually been placed in jeopardy." *Serfass v. United States*, 420 U.S. 377, 392 (1975).  Jeopardy only attaches when a jury is empaneled and sworn, or when in a bench trial, a judge begins to hear evidence. *United States v. Martin Linen Supply*, 430 U.S. 564, 569 (1977).  Accordingly, the instant prosecution does not offend Double Jeopardy because Defendant's receipt of a target letter, nor his frivolous lawsuit in the Eastern District of Michigan, did not place him in jeopardy for purposes of the Double Jeopardy Clause.

---

[5]     The Former Fifth Circuit has held that

> [t]he imposition of civil fraud penalties is not prohibited by the Fifth Amendment to the Constitution by reason of the petitioner's having previously plead guilty to such indictment, because the penalty imposed by [the Internal Revenue code section providing for a fifty percent penalty for fraud] is a civil and not a criminal penalty. Therefore, there is no double jeopardy.

*Kenney v. C.I.R.*, 111 F.2d 374, 375-76 (5th Cir. 1940) (citing *Helvering v. Mitchell*, 303 U.S. 391 (1938); *see also McNichols v. C.I.R.*, 13 F.3d 432, 436 (1st Cir. 1993).

16

Eighth, Defendant's claims about lack of notice of the charges against him also are utterly without merit.  He conceded at his initial appearance before Judge Anand that he was read the information in open court.  [Doc. 13 at 7-9].

Ninth, Defendant appears to cite to the *Clearfield* doctrine, [Doc. 14 at 8], in order to demonstrate that the United States lacks jurisdiction over him.  Reliance on this doctrine is another frivolous claim raised by proponents of the sovereign citizen movement who believe they are not subject to federal or state statutes or proceedings and place special significance on commercial law, *see In re Everton Aloysius Sterling*, 543 B.R. 385, 399 (Bankr. S.D.N.Y. 2015), which claims have been uniformly rejected by the courts.  *Id.*  In *Clearfield Trust Co. v. United States*, the United States issued a check through the Federal Reserve Bank of Philadelphia in the amount of $24.20 for services rendered to the Works Progress Administration.  318 U.S. 363, 364 (1943).  The intended recipient never received the check.  *Id.*  The check was inexplicably received by an unknown person who misrepresented himself, and endorsed the check to J.C. Penney Co. in exchange for merchandise and money.  *Id.* at 365. The intended recipient never authorized the endorsement nor did he participate in the proceeds of the check.  *Id.*  J.C. Penney Co. endorsed the check over to the Clearfield Trust Co. ("Clearfield Trust"), which accepted it and endorsed it as follows: "Pay to the order of

Federal Reserve Bank of Philadelphia, Prior Endorsements Guaranteed." *Id.* Clearfield Trust collected the check from the United States through the Federal Reserve Bank of Philadelphia and paid the full amount thereof to J. C. Penney Co. *Id.* The intended recipient notified the Works Progress Administration that he had not received the check, and later executed an affidavit alleging that the endorsement of his name on the check was forgery. *Id.* Approximately two months later, Clearfield Trust was notified of the alleged forgery, and the United States made its first request for reimbursement on or about seven months later. *Id.*

The United States later brought an action against Clearfield Trust to recover the amount of the check based on the express guaranty of prior endorsements made by the Clearfield Trust. *Id.* at 366. The district court held that "the rights of the parties were to be determined by the law of Pennsylvania and that since the United States unreasonably delayed in giving notice of the forgery to the Clearfield Trust Co., it was barred from recovery." *Id.* The Court of Appeals reversed, and the U.S. Supreme Court affirmed, and stated that the "rights and duties of the United States on commercial paper which it issues are governed by federal rather than local law," because "when the United States disburses its funds or pays its debts, it is exercising

a constitutional function or power." *Id.*; *see also Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690-91 (2006) (describing *Clearfield* doctrine).

As the foregoing recitation of *Clearfield Trust Co.* demonstrates, that case does not establish a legal basis for dismissal of Defendant's criminal charges. *United States v. Focia*, No. 2:15CR17-MHT, 2015 WL 1539771, at *1, n.3 (M.D. Ala. Apr. 6, 2015). This is not a commercial paper case, nor does it involve the Government attempting to recoup moneys. Rather, it concerns an allegation that Defendant willfully failed to file required federal tax returns for tax years 2011, 2012, and 2013. As a result, his motion to dismiss based on the *Clearfield* doctrine is without merit.

Tenth, in his motion, [Doc. 14 at 9], and at the pretrial conference, Defendant argued that the charges are invalid because there was no loss, and/or that the charges were in retaliation or a setoff for losses to be suffered by the respondents in the action he filed in the Eastern District of Michigan. Tax loss or the existence of a tax liability is not an element of a § 7203 charge. *United States v. Ojala*, 544 F.2d 940, 944 n.538 (8th Cir. 1976); *Hickman v. C.I.R.*, 74 T.C.M. (CCH) 1444, T.C. Memo. 1997-566, 1997 WL 786394, at *4 (T.C. 1997), *aff'd*, 183 F.3d 535 (6th Cir. 1999). Therefore, his lack-of-loss argument is rejected. Moreover, there is no factual or legal validity to Defendant's arguments about the case in the Eastern District of Michigan, which

19

appears to have been filed solely intended to harass the Government's agents and lawyers who were investigating Defendant's alleged tax crimes, and thus his arguments as to effect of the Michigan filings on the present Information are without merit.

Eleventh, Defendant's claim that he somehow is not subject to federal law but to God's is frivolous. *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (holding that despite the defendant's contention that she was an absolute, freeborn and natural individual, she was a "person" under the Internal Revenue Code and thus subject to prosecution for willful failure to file tax returns); *Pleasant-Bey v. City of Baltimore*, No. CV DKC-16-3879, 2016 WL 7491624, at *2-3 (D. Md. Dec. 30, 2016) (rejecting "blood and flesh" and other similar frivolous challenges to jurisdiction over sovereign- citizen-type arguments), *aff'd*, 690 Fed. Appx. 115 (4th Cir. May 26, 2017); *see also McCaskill v. Terris*, No. 4:15-cv-11335, 2015 WL 4065893, at *2 (E.D. Mich. July 2, 2015) ("Not surprisingly, a prisoner cannot write his own get-out-of-jail-free card by making declarations that amount to a renunciation of his obligation to conform his conduct to the requirements of the nation's criminal laws."). In short, efforts by litigants to renounce their obligations to conform their conduct to the requirements of United States law have been consistently rejected by the courts. *See*, *e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed

status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *Kerr v. Hedrick*, 89 Fed. Appx. 962, 963 (6th Cir. Feb. 10, 2004) (rejecting petitioner's claim that he was exempt from punishment for his federal crimes because his rights derived exclusively from the Moorish Science Temple of America); *Studley*, 783 F.2d at 937 (holding that despite defendant's contention that she was an absolute, freeborn and natural individual, she was a "person" under the Internal Revenue Code and thus subject to prosecution for willful failure to file tax returns); *State v. Arnold*, 379 N.W.2d 322, 323 (S.D. 1986) (holding that trial court had jurisdiction over criminal defendant, even though defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); *United States v. Williams*, 532 F. Supp. 319, 320 (D.N.J. 1981) (rejecting defendant's claim that federal government lacked jurisdiction to prosecute him because he claimed to be a citizen of "Republic of New Afrika," finding that this was not a sovereign nation recognized by the United States, but was, at most, a separatist movement); *see also*

21

*Metaphyzic El-Ectromagnetic Supreme-El v. Director, Dep't of Corrs.*, Civil Action No. 3:14CV52, 2015 WL 1138246, at *4 (E.D. Va. Mar. 3, 2015) (collecting cases).

Finally, to the extent that Defendant's motion asserts some sort of a counterclaim, Defendant cannot bring a civil counterclaim for damages in a criminal action. The applicable federal law and the Federal Rules of Criminal Procedure do not allow criminal defendants to file civil counterclaims in criminal cases. *See United States v. Wiggins*, No. CRIM. WDQ-09-0287, 2011 WL 806383, at *7 (D. Md. Mar. 1, 2011) ("Counterclaims are, of course, unavailable in criminal cases."); *United States v. Bossingham*, No. CR-F-10-150 OWW, 2010 WL 5071079, at *4 (E.D. Cal. Dec. 7, 2010) ("The applicable federal law and the Federal Rules of Criminal Procedure do not allow criminal defendants to file civil counterclaims in criminal cases."); *United States v. Edmiston*, No. 4:04-cr-152008, WL 269538 at *4 (E.D. Tenn. Jan. 29, 2008) (same).

Therefore, for all of the above reasons, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 14], be **DENIED**.

### Attachments to ECF No. 14

The attachments to ECF No. 14, if construed as separate motions, also are subject to being denied. Each of these documents assert slightly different grounds for dismissal

22

in the title of motion, but Defendant proffers the same arguments as in ECF No. 14 that should be rejected by the District Court. All of the reasons for denying ECF No. 14 set forth in the preceding section above, apply equally to the grounds raised in these attachments. In fact, it appears that other than the title of the filing, the substance of each of the attachments is identical.

In addition, in ECF No. 14-1, Defendant seeks dismissal of the information for insufficient service of process, [Doc. 14-1 at 1]. However, the Court already has determined that the arrest warrant was properly issued and executed upon Defendant. As a result, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 14-1], be **DENIED**.

In ECF No. 14-2, Defendant seeks dismissal of the Information for lack of personal jurisdiction. [Doc. 14-2 at 1]. Under federal criminal law, "personal jurisdiction exists in all criminal cases where the defendant is lawfully before the court." *United States v. Bodmer*, 342 F. Supp. 2d 176, 187-88 (S.D.N.Y. 2004) (citing *Ker v. Illinois*, 119 U.S. 436, 440-43 (1886); *United States v. Rosenberg*, 195 F.2d 583, 602 (2d Cir. 1952)). Pursuant to the United States Constitution, "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed . . . ." U.S. Const. art. III, § 2, cl.3. Accordingly, if "venue is proper, the

23

court does not inquire into whether it has jurisdiction over the defendant or the extent of the defendant's contacts within the forum state." *Bodmer*, 342 F. Supp. 2d at 188. As such, "jurisdiction is presumed by virtue of the defendant's presence." *Id.* As will be discussed below, venue is proper in this court, and therefore the Court has personal jurisdiction over Defendant. *See United States v. Hands*, No. CRIM.A. 97-0024-CB, Civ.A. 99-1087-CB, 2005 WL 1183213, at *1 (S.D. Ala. May 18, 2005) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law. . . . Without question, the district court had jurisdiction over the defendant.") (internal quotation marks and citation omitted).

As a result, ECF No. 14-2 should be **DENIED**.

In ECF No. 14-3, Defendant claims improper venue. [Doc. 14-3]. For violations of 26 U.S.C. § 7203, the Former Fifth Circuit has held that "the commission of a 26 U.S.C. § 7203 violation is considered to occur in the judicial district in which the taxpayer is required to file." *United States v. Quimby*, 636 F.2d 86, 90 (5th Cir. 1981) (per curiam); *see also United States v. Barry*, 371 Fed. Appx. 3, 8 (11th Cir. Mar. 24, 2010). The IRS's regulations provide that income tax returns of

24

individuals shall be filed at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return. 26 C.F.R. § 1.6091-2(a).  The Information alleges that Defendant was a resident of Smyrna, Georgia.  [Doc. 1].  Venue is properly alleged in this case, and at trial, the Government must prove venue by a preponderance of the evidence.  *United States v. Stickle*, 454 F.3d 1265, 1271 (11th Cir. 2006) ("It has long been settled that when the government is proving a non-essential element of a crime, like venue, the prosecution is not required to meet the reasonable doubt standard."); *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1217 (11th Cir. 2010) ( "For purposes of venue, the government must prove by a preponderance of the evidence that the crimes occurred within the district of trial.").

Therefore, Defendant's motion alleging improper venue, [Doc. 14-3], should be **DENIED**.

In ECF No. 14-4, Defendant moves to dismiss the Information on grounds of lack of subject matter jurisdiction.  Like his other allegations, this argument is patently frivolous.

"United States federal district courts have original and exclusive jurisdiction over 'all offenses against the laws of the United States.'  18 U.S.C. § 3231.  If an indictment

AO 72A
(Rev.8/82)

alleges conduct constituting a federal offense, the district courts have jurisdiction." *United States v. Turner*, 577 Fed. Appx. 915, 916 (11ᵗʰ Cir. Aug. 15, 2014) (citing *United States v. McIntosh*, 704 F.3d 894, 902-03 (11ᵗʰ Cir. 2013)).  Title 26 violations are offenses against the laws of the United States and thus are clearly within federal district court jurisdiction under § 3231.  *Barry*, 371 Fed. Appx. at 10 (concluding that appellants' challenge to district court's subject matter jurisdiction in § 7203 prosecution was frivolous); *United States v. Latham*, 754 F.2d 747, 749 (7ᵗʰ Cir. 1985) (citations omitted); *United States v. Spurgeon*, 671 F.2d 1198, 1199 (8ᵗʰ Cir. 1982) (same); *see also United States v. Romero-Galue*, 757 F.2d 1147, 1150-51 n.10 (11ᵗʰ Cir. 1985) (noting that the district court "obviously had subject matter jurisdiction" because Congress, pursuant to 18 U.S.C. § 3231, "conferred upon the federal district courts the power to adjudicate all cases involving crimes against the United States").  "Dismissal is improper if 'the factual allegations in the indictment [or information], when viewed in the light most favorable to the government, were sufficient to charge the offense as a matter of law.' "  *Turner*, 577 Fed. Appx. at 915 (quoting *Sharpe*, 438 F.3d at 1258-59 (internal quotation marks omitted)); *see also Sterling v. United States*, Civil Action No. 1:12-CV-1456-CAP-ECS, Criminal Action No. 1:10-CR-53-2-CAP-ECS, 2012 WL 6617120, at *1 (N.D. Ga. Dec. 3, 2012) (R&R), *adopted*, 2012 WL 6617088

26

(N.D. Ga. Dec. 18, 2012) (Pannell, J.) (motion claiming that federal courts lack jurisdiction to try criminal cases is patently frivolous).  As noted previously, the Information adequately charges Defendant with three counts of violating 26 U.S.C. § 7603.

Accordingly, Defendant's motion to dismiss, [Doc. 14-4], should be **DENIED**.

### *ECF No. 17*

In the title of ECF No. 17, Defendant seeks dismissal of the information for "lack of standing."  [Doc. 17 at 1].  Otherwise, the document appears to make the same claims as Defendant alleged in ECF Nos. 14 and 14-1 through 14-4.

Defendant's failure to explain the reasons why the Information should be dismissed for lack of standing means that he had abandoned the argument.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority"); *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (explaining that an issue may be deemed abandoned where a party only mentions it in passing, without providing substantive argument in support).  In any event, the Government has standing to prosecute this action.  *See United States v. Ellis*, No. 2:06CR390, 2007 WL 2028908,

27

at *2 (W.D. Pa. July 12, 2007) (dismissing challenge to the standing of the U.S. Attorney to prosecute offenses against the laws of the United States).  It is the responsibility of the United States Attorney within each respective district to "prosecute for all offenses against the United States."  28 U.S.C. § 547(1); *see also United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 312 (1978) (noting that the Internal Revenue Service cannot "try its own prosecutions" because such authority is "reserved to the Department of Justice and, more particularly, to the United States Attorneys").

Thus, ECF No. 17 should be **DENIED**.

### *ECF No. 18*

In the title of ECF No. 18, Defendant seeks dismissal of the Information for "failure to state a claim."  [Doc. 18 at 1].  Otherwise, the document appears to make the same claims as ECF Nos. 14, 14-1 through 14-4, and 17.  The motion should be denied for the same reason as ECF no. 17, that is, a failure to provide reasons in support of the motion.  In any event, the Court already has explained that the Information properly alleges three counts of violating 26 U.S.C. § 7203, and therefore, this motion likewise is due to be **DENIED**.

28

*__Conclusion__*

For all of the above reasons, the undersigned **RECOMMENDS** that Defendant's motions to dismiss, [Docs. 14, 14-1, 14-2, 14-3, 14-4, 17, and 18], be **DENIED**.  The Court has now ruled on all matter submitted to it.  No discovery disputes were raised at the pretrial conference, and the Government has provided Rule 16 discovery to Defendant, who has stated that he has not reviewed it.  However, that is not a reason to delay certifying this case as ready for trial.  Accordingly, this action is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED, ORDERED, and CERTIFIED**, this the 22nd day of August, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

29