# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

United States of America,

v.  Case No. 1:18-cr-00126

Saleem Hakim,  Michael L. Brown
 United States District Judge
　　　　　　　Defendant.

_____/

## ORDER

Before the Court is the Magistrate Judge's Final Report and Recommendation ("R&R"), which recommends denial of the Defendant's pretrial motions. (Dkt. 21). Defendant filed objections to the R&R. (Dkt. 23).

I.  **Standard of Review**

When reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous,

conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Absent proper objections, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. Analysis

Defendant Saleem Hakim is charged – by information – with three counts of willfully failing to file a tax return, in violation of 26 U.S.C. § 7203. (Dkt. 1). Defendant filed three pretrial motions, raising several issues and many nonsensical allegations. (Dkts. 14, 17, 18). He argued, for example, that he is a separate corporation, that his name is copyrighted, and that he is subject only to God's law. He claims that these facts somehow insulate or immunize him from prosecution. The Magistrate Judge thoroughly addressed every argument in the R&R. *See* Dkts. 14, 17, 18, 21. Defendant's objections – like his initial motions – consist of "nonsensical allegations" that amount to "no more than gibberish." Dkt. 21 at 2. Because Defendant fails to coherently articulate objections to the R&R, the Court finds Defendant's objections frivolous. *See Schultz*, 565 F.3d at 1361 ("Frivolous, conclusive, or general

2

objections need not be considered by the district court."). Regardless, whether the Court reviews the R&R *de novo* or for clear error, the conclusion is the same: the Court adopts it.

To the extent they are discernable, most of Defendant's objections track the same arguments he raised in his pretrial motions. *See* Dkts. 14, 17, 18. The Magistrate Judge correctly rejected these arguments; Defendant's objections fail for the reasons thoroughly set forth in the R&R.

Defendant's attempts to dismiss the information are futile. He claims that it must be dismissed because the affidavit the agent executed in support of the arrest warrant "concealed material facts [] known to her at that time." Dkt. 23 at 2. He apparently refers to the fact that, prior to his arrest in this case, he had filed a lawsuit in the Eastern District of Michigan against another IRS agent and tax attorney. He claims the other matter created "an estoppel" to prevent this lawsuit. *Id*. at 3. This is the same argument that he made in his Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. 14-4 at 4-6. The Magistrate Judge addressed this issue and properly held that the Michigan action has no

3

effect whatsoever on whether the government can initiate and pursue this action against Defendant Hakim. Dkt. 21 at 15.

The Magistrate Judge also fully considered Defendant's motion to dismiss the information. The judge recognized that, in ruling on a motion to dismiss an information or indictment, the Court is limited to reviewing the face of the charging document – more specifically, the language used to charge the crimes. *See United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("The sufficiency of a criminal [information] is determined from its face."). To determine whether the information is sufficient, the Court must take the allegations in the information as true. *United States v. Yates*, No 1:10-cr-412, 2011 WL 4861652, at *1 (N.D. Ga. Aug. 11, 2011). An "information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The information "is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Pacchioli*, 718 F.3d 1294, 1307 (11th Cir. 2013) (internal quotations omitted). As the Magistrate Judge correctly notes,

the information does just that. Dkt. 21 at 10. Defendant's subsequent affidavits do not change that simple fact, so Defendant's motion to dismiss the information must be denied.

Moreover, the Magistrate Judge correctly found that probable cause supported the arrest warrant for Defendant and that the circumstances surrounding Defendant's arrest do not support Defendant's attempt to dismiss the information. *Id.* at 9-13. Nor has Defendant shown any new reason that the civil action he brought in the Eastern District of Michigan, *Hakim v. Sparks*, No 5:18-mc-50654-JEL-DRG (E.D. Mi.), should have any effect on his criminal case.

Defendant's reliance on *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), is frivolous, for the reasons set forth in the Magistrate Judge's well-reasoned R&R. Dkt. 21 at 17-19. Again, that case simply has no bearing on his criminal case. Likewise, his claim that the government has not positively identified him as the defendant charged in the information is frivolous for the reasons set forth in the R&R. *Id.* at 12. So too, his claim that the Uniform Commercial Code protects him from prosecution on tax charges fails for the reasons set forth in the R&R. *Id.* at 4-5. And as the Magistrate Judge correctly determined and

5

thoroughly articulated, Defendant's arguments that he is not subject to federal law have no legal basis. *Id.* at 20; *see also United States v. Davis*, 1:13-cr-0058, 2015 WL 12551076 at *1 (N.D. Ga. July 1, 2015) ("[L]egal theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system.").

Some of Defendant Hakim's arguments or objections appear more directed to the trial. He alleges, for example, a list of so-called "material facts." Dkt. 23 at 7. He also requests "Civilian Due Process of Law," which apparently leads him to object to being called a sovereign citizen. *Id.* at 5. Finally, he claims that "Unsworn Testimony is Hearsay" and that there is no "sworn and bonded testimony" against him. *Id.* at 12. None of these allegations provide a basis for dismissing the information and can be raised at trial.

Defendant Hakim's objections include several other assertions – sometimes claiming some fact or argument prevents his prosecution and sometimes just making an allegation. Many of these issues appeared to have been considered and addressed by the Magistrate Judge. But Defendant Hakim's writing is unclear and rambling. *See United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *2 (N.D. Ga. July 23,

2013) ("The sovereign-citizen defendant typically files lots of rambling, verbose motions"). So, in an abundance of caution, the Court has considered each assertion and whether it provides a basis for dismissing the information. None of them do.

First, he claims that he comes in peace, is a peaceful inhabitant of the land, has a peace treaty with the United States, and his actions, therefore, should not be converted into a crime in the United States. Dkt. 23 at 3-4. He cites no authority to support this, and the Court is aware of none. *See Perkins*, 2013 WL 3820716, at *1 n.4 ("As far as this Court is aware, [the sovereign-citizen] defense has never succeeded in any court."). Second, he claims that the Magistrate Judge's use of the term "sovereign citizen" constitutes the unauthorized practice of law by a judge and violates the Code of Conduct for United States Judges. Dkt. 23 at 4-5. The Court disagrees with both assertions and finds no basis in law to dismiss the cases because of the Magistrate Judge's use of the term "sovereign citizen."[1] Third, he declares his "Notice of Intent to

---

[1] This Court does not understand the reason for Defendant Hakim's outrage by use of the term "sovereign citizen." The Court, nevertheless, will not use a term he finds offensive. Barring some further development, the term will not be used at trial.

7

conditionally accept in honor" all offers from the United States and "by special powers of appointment, appoints" this Court to set off all accounts. *Id.* at 6. It is unclear what he means by this. Nevertheless, it provides no basis to dismiss the information. Finally, he makes references to "Full Faith and Credit," "Public Trustees and Beneficiaries," "Surety Estoppel by Acquiescence," "My Rights (Under the Almighty God)," "My Law," and "Insurmountable Odds." *Id.* at 9, 13. None of these assertions provide a basis for dismissing the information.

## III. Conclusion

The Magistrate Judge did an excellent job of parsing Defendant Hakim's rambling and nonsensical pretrial motions. Even though Defendant Hakim's objections to the R&R were largely incoherent thus warranting review only for clear error, this Court has conducted a *de novo* review. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 21) and **OVERRULES** the Defendant's objections (Dkt. 23). The Court **DENIES** Defendant's Motions to Dismiss. (Dkts. 14, 17, 18).

**IT IS SO ORDERED.**

Dated: October 4, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

8