# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Criminal No.: 1:18-cr-126 |
| ) | |
| SALEEM HAKIM,            ) | Judge Michael L. Brown |
| ) | |
| Defendant.               ) | |
| ) | |

## GOVERNMENT'S CONSOLIDATED MOTION IN LIMINE

The United States of America, by and through undersigned counsel, hereby submits the following consolidated motion in limine to address evidentiary issues related to the upcoming trial of the defendant. The government respectfully requests that the Court make pretrial rulings regarding the admissibility of the evidence described below.[1]

### I. Certified Records of Regularly Conducted Activity

Pursuant to Federal Rules of Evidence 803(6) and 902(11), the government moves to admit certified records of regularly conducted business activity without the testimony of a records custodian.

---

[1] By emails dated October 3, 6, and 12, 2023, and during a phone call on October 6, 2023, the government solicited the defendant's position on these motions. However, as of the date of this filing, the defendant has not provided the government with his position. Counsel for the government was not able to travel to Atlanta during the week of October 2 to meet and confer with counsel for the defendant in person.

A.   Description of Evidence

At trial, the government may seek to introduce evidence from the following sources without the testimony of a records custodian:[2]

- AT&T
- Comerica Bank
- JP Morgan Chase
- Bank of America
- Members First Credit Union
- Gucci
- Tourneau
- Chime
- Ebay
- PayPal
- Waterton Residential LLC

B.   Argument

Records of regularly conducted business activity, also known as business records, are admissible under the exception to the hearsay rule set forth in Federal Rule of Evidence 803(6). Rule 803(6) provides that such records are admissible if the following criteria are satisfied:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;

---

[2] If and when the government obtains business records certifications from other sources, the government may also seek to introduce the records covered by those certifications without the testimony of a records custodian. However, this motion only addresses the records for which the government currently has certifications.

> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed R. Evid. 803(6).

When accompanied by a certification of a records custodian, such records are self-authenticating, pursuant to Federal Rule of Evidence 902(11), and do not require live testimony from the records custodian at trial to admit them into evidence. Rule 902(11) requires that the proponent of the evidence give the opposing party "reasonable written notice of the intent to offer the record – and make the record and certification available for inspection – so that the party has a fair opportunity to challenge them." The introduction of business records pursuant to Rule 902(11) certifications does not implicate the Confrontation Clause because business records certifications are not testimonial. United States v. Clotaire, 963 F.3d 1288, 1296 (11th Cir. 2020) (citing Melendez-Diaz v. Massachusetts, 557 U.S. 305, 322-23 (2009)).

Certifications that comply with Rules 803(6) and 902(11) for the records described above were provided to the defendant in discovery and/or available on Pacer at Doc. Nos. 31 and 33 in this case. They are also attached to this motion as Exhibit A. Therefore, the Court should permit the government to introduce documents from these sources at trial without the testimony of a records custodian.

3

## II. Uncharged Tax Misconduct

The government moves to admit evidence that the defendant engaged in additional tax misconduct beyond the three tax years charged in the Information. The government submits that this evidence is directly probative of willfulness, one of the elements of the charged offense. Alternatively, the government moves to admit this evidence pursuant to Federal Rule of Evidence 404(b).

### A. Description of Evidence

In addition to the years charged in the Information (2011-2013), the defendant failed to file income tax returns for the years 2009, 2010, and 2014 through 2022.

For the years 2019 through 2022, the defendant also took steps to conceal income earned by himself and his wife from the Internal Revenue Service. The defendant caused two companies that paid compensation to the defendant and his wife during those years (Midwest Gold Exchange, Inc. and Atlanta Luxury Bag) to issue Forms 1099 to an entity created by the defendant using that entity's Employer Identification Number, instead of issuing Forms 1099 directly to the defendant and his wife using their Social Security numbers. The defendant then failed to file tax returns for this entity, resulting in income paid to him and his wife not being reported on any tax returns and no taxes being paid on that income.

B.     Argument

1. *Evidence of Uncharged Tax Misconduct is Intrinsic to the Charged Offense*

The government may admit evidence of uncharged misconduct if it is intrinsic to the charged offense, that is "if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." United States v. Veltmann, 6 F.3d 1483, 1498 (11th Cir. 1993). See also United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007); United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989). Evidence is "inextricably intertwined" with the charged offenses "if it forms an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.'" Edouard, 485 F.3d at 1344 (quoting Foster, 889 F.2d at 1053).

In tax cases, the Eleventh Circuit has held that the government may introduce evidence of uncharged tax misconduct if such misconduct involved the same series of transactions as the charged offenses. See United States v. Shabazz, 887 F.3d 1204, 1216-17 (11th Cir. 2018) (affirming admissibility of uncharged tax returns that were substantially similar to charged false returns); United States v. Ford, 784 F.3d 1386, 1393 (11th Cir. 2015) (same).

The defendant is charged with failing to file tax returns for the years 2011, 2012, 2013. Evidence that he also failed to file returns in prior and subsequent years is part of the same series of transactions and is necessary to complete the story of the crime. The defendant's failure to file returns did not start with 2011 or end with 2013. Rather, he has engaged in a pattern of misconduct for more than a decade, and the charged years only relate to a small piece of that pattern. The proffered evidence is also inextricably intertwined with the charged offenses because it is an "integral and natural part" of the story that the government will tell at trial. The defendant's failure to file for 2011 through 2013 did not occur in a vacuum. Instead, it was preceded and followed by several additional years of non-filing, and the jury is entitled to hear that evidence.

2. *404(b)*

In some situations, evidence of uncharged misconduct may be considered extrinsic to the charged offenses and therefore treated as "other acts" evidence. The admissibility of such evidence is governed by Federal Rule of Evidence 404(b). Rule 404(b) permits the government to introduce evidence of crimes, wrongs, or other acts that are not charged in the indictment to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b) is a "rule of inclusion;" thus, "404(b) evidence, like other relevant evidence, should not be excluded when it is central to the prosecution's

case." United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006) (citation omitted). In this Circuit, "[e]vidence is admissible under Rule 404(b) if: (1) it is relevant to an issue other than the defendant's character; (2) the prior act is proved sufficiently to permit a jury determination the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice." Id.

As to the first prong of the analysis, the government will offer evidence of the defendant's uncharged tax misconduct to prove intent, knowledge, lack of mistake, and lack of accident. The crime of willful failure to file a tax return is a specific intent crime. The government must prove that a defendant acted willfully, which the Supreme Court has defined as a committing a "voluntary, intentional violation of a known legal duty." Cheek v. United States, 498 U.S. 192, 200-01 (1991). Stated differently, the government must "prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Id. at 201.

Where, as in this case, the defendant is charged with a specific intent crime, evidence is admissible under Rule 404(b) to prove that he acted with the requisite *mens rea*. United States v. Horner, 853 F.3d 1201, 1214 (11th Cir. 2017); United States v. Nerey, 877 F.3d 956, 976 (11th Cir. 2017). As the Eleventh Circuit has recognized, "[a] defendant who enters a not guilty plea makes intent a material

7

issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998).

The defendant's efforts to conceal his and his wife's income from the IRS during the years 2019 through 2021 is particularly probative of willfulness. At the first trial in this matter, the defendant presented evidence that he held a good faith belief that his income was not taxable and that he therefore was not required to file tax returns. The government expects him to present a similar defense in the upcoming trial. However, if the defendant truly believed, in good faith, that his income was not taxable, why would he conceal that income from the IRS by causing Forms 1099 to be issued to an entity instead of to himself or his wife directly? The jury is entitled to hear this evidence to assist it in determining whether the defendant acted willfully. Similarly, the defendant's failure to file returns for years after his initial trial is probative of willfulness as well. The more notice that a defendant receives about his legal duty to file returns, the less likely that he was acting in good faith when he failed to file. The verdict in the original case put the defendant on notice that he had a legal duty to file returns; his continued failure to file for years after the trial is strong evidence that he does not hold a good faith belief that he does not have to file. Because the evidence of

uncharged tax misconduct is being offered for a permissible purpose – to prove willfulness and rebut a claim of good faith belief – the first prong of the Rule 404(b) analysis is satisfied.

As to the second prong, there is sufficient evidence that the defendant committed the uncharged misconduct. An IRS witness will testify that she searched IRS records for the years 2009, 2010, and 2014 through 2022 and that there is no record of a tax return filed by the defendant. IRS records and Forms 1099 produced by Midwest Gold Exchange and Atlanta Luxury Bag show that for the years 2019 though 2022 the companies issued Forms 1099 to an entity that the defendant established, instead of to either the defendant or his wife. And the IRS witness will further testify that this entity did not file any returns for any of the years 2019 through 2022 to report this income. Therefore, the second requirement of Rule 404(b) is satisfied as well.

    3. *Rule 403 Analysis*

Whether evidence of uncharged tax misconduct is admissible because it is inextricably intertwined with the charges in the Information or as "other acts" evidence under Rule 403, the evidence must also satisfy the requirements of Rule 403 to be admissible. Under Rule 403, a Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice" refers to the risk that the

jury will convict the defendant "on a ground different from proof specific to the offense charged." United States v. Horner, 853 F.3d 1201, 1213–14 (11th Cir. 2017) (quoting Old Chief v. United States, 519 U.S. 172, 180 1997)). Of course, "relevant evidence is inherently prejudicial." United States v. Spoerke, 568 F.3d 1236, 1251 (11th Cir. 2009). The question under Rule 403 is whether it is "unfairly prejudicial." Id. The Eleventh Circuit has recognized that "Rule 403 is an extraordinary remedy that must be used sparingly because it results in the exclusion of concededly probative evidence." United States v. US Infrastructure, Inc., 576 F.3d 1195, 1211 (11th Cir. 2009). See also United States v. Lopez, 649 F.3d 1222, 1247 (11th Cir. 2011).

In this case, the probative value of the other acts evidence detailed above is considerable; the defendant is charged with a specific intent tax crime and the proffered evidence will provide the jury with circumstantial evidence of his state of mind. Any potential prejudice can be cured with a proper limiting instruction. Accordingly, the Court should admit the evidence of the defendant's uncharged tax misconduct.

### III. Prior Trial

The government moves to admit evidence related to the defendant's 2018 trial. In 2018, a jury convicted the defendant of three counts of willful failure to

file tax returns. The defendant's conviction was vacated on appeal and the defendant is now before this Court for retrial.

As discussed above, willful failure to file tax return is a specific intent crime. The government must prove, beyond a reasonable doubt, that the defendant was aware of his legal duty to file a tax return and intentionally failed to do so. Cheek, 498 U.S. at 200-01. Evidence that the defendant was aware of his legal duty to file tax returns is central to the government's proof of willfulness.

The fact that the defendant persisted in failing to file tax returns after being convicted of failing to file tax returns, is highly probative of his state of mind. At the first trial in this matter, the defendant presented evidence that he held a good faith belief that his income was not taxable and that he therefore was not required to file tax returns. The government expects him to present a similar defense in the upcoming trial. The fact that a jury convicted the defendant in 2018 means that the jury rejected his good faith defense and found that he was aware of his legal duty to file returns. Therefore, their verdict is notice to the defendant of his filing obligations.

However, the government concedes that the jury in this trial should not be told that a prior jury convicted the defendant of the same of offenses. Therefore, the government specifically seeks to admit evidence that in 2018 the defendant was party to a federal court *proceeding* in which he was notified that he had a legal

duty to file tax returns to report his income, including income from the sale of precious metals. Framing the evidence in this manner avoids informing the jury that a prior jury reached a verdict on the same charges, or even that there had been a prior criminal trial, while still permitting the government to argue that the prior proceeding is evidence of willfulness. The government can introduce this evidence through the testimony of a witness with knowledge of the prior trial, such as the case agent. Alternatively, the Court could take judicial notice of this fact pursuant to Federal Rule of Evidence 201.

## IV. Admissibility of *Without Prejudice, Sovereign Covenant Without Prejudice*

During the first trial in this matter, the defendant admitted, through the testimony of his wife, a copy of a book titled Without Prejudice, Sovereign Covenant Without Prejudice. The defendant's wife testified that the defendant relied on this book in forming his good faith beliefs about the tax laws.

To establish that good faith evidence is relevant, the defendant first must lay a proper foundation that demonstrates that he "actually relied" upon the specific material that is being offered. United States v. Powell, 955 F.2d 1206, 1214 (9th Cir. 1991). See also United States v. Willie, 941 F.2d 1384, 1391-95 (10th Cir. 1991) (excluding legal materials because defendant failed to establish a foundation for admissibility). In the absence of actual reliance, such materials have no probative value. Powell, 955 F.2d at 1214 ("Legal materials upon which the

defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue."); United States v. Lussier, 929 F.2d 25, 31 (1st Cir. 1991) (copies of tax statute and regulation not admissible because defendant failed to establish that he was aware of, and relied, on, those materials when he failed to file a tax return).

Even if the defendant can establish a foundation that he relied on these materials in forming his good faith belief about the legality of his conduct, the Court may nonetheless place restrictions on such evidence because legal materials have the potential to confuse the jury and invade the province of the Court to instruct the jury on the law. Some courts have struck a middle ground and permitted the defendant to discuss legal materials on which he purportedly relied, while not permitting those materials to be introduced into evidence and shown to the jury. United States v. Fingado, 934 F.2d 1163, 1164 (10th Cir. 1991) (admitting book on which tax defendant purportedly relied, but taping it shut so that jury could not review its contents); United States v. Barnett, 945 F.2d 1296, 1301 (5th Cir. 1991) (noting that once the trial court allows testimony about the basis for the defendant's views, "the documents themselves become cumulative and the potential for jury confusion is minimized").

If the defendant once again seeks to introduce a copy of Without Prejudice, Sovereign Covenant Without Prejudice in support of a good faith defense, he must

13

first lay the requisite foundation for this book by establishing that he relied upon it in forming his good faith beliefs about the tax laws. Even if the Court admits the book into evidence, the government submits that a copy should not be provided to the jury because it is cumulative of testimony about the defendant's reliance on the book and because it could confuse the jury about the applicable law in this case. See Fed. R. Evid. 403. Additionally, if the jury hears testimony about the contents of this book, the Court should provide the jury with an appropriate limiting instruction. Powell, 955 F.2d at 1214 ("the court may instruct the jury that the legal material admitted at trial is relevant only to the defendant's state of mind and not to the requirements of the law").

        Respectfully submitted,

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Department of Justice, Tax Division

By:  /s/ Melissa S. Siskind
        MELISSA S. SISKIND
        CHRISTINA M. GRIMES
        Trial Attorneys
        U.S. Department of Justice, Tax Division
        150 M Street, NE
        Washington, DC 20002
        P: (202) 305-4144
        F: (202) 616-1786

Date: October 16, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2023, I electronically filed under seal, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Government's Opposition to Defendant's Motion to Dismiss.

                                        */s/ Melissa S. Siskind*
                                        MELISSA S. SISKIND
                                        Trial Attorney