IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.      ) <br> ) <br> SALEEM HAKIM,      ) <br> ) <br> Defendant.      ) <br> ) | Criminal No.: 1:18-cr-126 <br><br> Judge Michael L. Brown |

### GOVERNMENT'S MOTION TO PERMIT SUMMARY WITNESS IN COURTROOM DURING TRIAL

The United States of America, by and through undersigned counsel, hereby moves to permit IRS Revenue Agent Yvette Tomas, who will testify at trial as a summary witness, to remain in the courtroom for the duration of the trial. Because Revenue Agent Tomas will present income and tax computations that are based on the testimony of other witnesses and the documents introduced into evidence at trial, her presence in the courtroom is essential to the presentation of the government's case. As such, Federal Rule of Evidence 615 does not require that she be sequestered while other witnesses are testifying.

**I.      Legal Standard**

Federal Rule of Evidence 615(a) provides that "[a]t a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the court may do so on its own." However, Rule 615(a) makes clear that the rule of sequestration "does not authorize excluding: . . .

any person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(3).

Numerous courts, including the Eleventh Circuit, have held that summary witnesses fall within the exception set forth in Rule 615(a)(3) and should be permitted to remain in the courtroom to summarize the evidence introduced at trial. See e.g., United States v. Ratfield, 342 Fed. Appx. 510, 512-13 (11th Cir. 2009) (explaining that summary witness could not have summarized evidence "had she not heard the evidence introduced during the course of the trial"); United States v. Lussier, 929 F.2d 25, 30 (1st Cir. 1991) (case agent who was summary witness allowed to remain in courtroom). See also United States v. Mohney, 949 F.2d 1397, 1404 (6th Cir. 1991) (permitting expert witness to remain in courtroom where witness's tax calculations depended on the testimony of another witness).

Courts have also recognized that the rationale underlying Rule 615 – that witnesses should not be able to shape their testimony based on what they hear from other witnesses – is not present in the case of expert or summary witnesses, whose testimony is necessarily based on other evidence introduced at trial. See, e.g., Morvant v. Construction Aggregates Corp., 570 F.2d 626, 629-30 (6th Cir. 1978); United States v. Strauss, 473 F.2d 1262, 1263 (3d Cir. 1973). In Morvant, the Sixth Circuit explained that such a witness's presence in the courtroom enhances, rather than undermines, the reliability of their testimony:

> Theoretically at least, the presence in the courtroom of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and will in most cases be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding of the testimony as it evolves before the jury.

Morvant, 570 F.2d at 629-30.

## II.   Argument

At trial, the government will call IRS Revenue Agent Yvette Tomas to present calculations of the defendant's income and income tax liability for the years charged in the Indictment.[1] The government will present income calculations to establish that the defendant was required to file income tax returns for each of the years 2011-2013 and 2020-2022 to establish the filing requirement element of Counts 1-6, and the government will present tax due and owing calculations for 2020-2022 to satisfy the tax deficiency element of Counts 7-9.

Revenue Agent Tomas' calculations will be based on the evidence presented at trial, including both witness testimony and documents. For Revenue Agent Tomas to classify something as income for purposes of including it in her calculations, she needs to hear testimony or see documents that were admitted into

---

[1] The government submits that Revenue Agent Tomas' testimony is summary in nature because she is summarizing evidence introduced at trial regarding the defendant's income and performing calculations based on that income. To the extent the Court construes this as expert testimony, the government is prepared to tender her as an expert witness and has already provided the defendant with the expert witness disclosures mandated by Rule 16.

evidence that establish that certain funds received by the defendant are, in fact, income (as opposed to a non-taxable receipt like a gift or loan). For example, if Revenue Agent Tomas sees a check written to the defendant or a deposit into his bank account, she cannot know whether it is income (and therefore whether to include it in her calculations) unless some other evidence establishes that it is income. Similarly, before Revenue Agent Tomas can classify an expenditure as personal, she needs to hear testimony or see documents that were admitted into evidence that establish that fact.

     Revenue Agent Tomas cannot provide the jury with accurate and reliable calculations of income and tax due without basing those calculations on the evidence introduced at trial. If Revenue Agent Tomas is excluded from the courtroom, she will need to be told prior to her testimony what the evidence has shown about income and expenses. As a result, her calculations would be based on hearsay instead of evidence that she has seen and heard in the courtroom, thereby undermining their reliability. Therefore, her presence throughout the trial will result in more reliable testimony than what would result if she is excluded.

### III. Conclusion

For the reasons set forth above, Revenue Agent Tomas' presence in the courtroom for the duration of the trial is essential to the government's presentation of its case and therefore Rule 615(a) does not require that she be sequestered.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Department of Justice, Tax Division

By: /s/ Melissa S. Siskind
MELISSA S. SISKIND
COLLEEN MCCARTHY
Trial Attorneys
U.S. Department of Justice, Tax Division
150 M Street, NE
Washington, DC 20002
P: (202) 305-4144
F: (202) 616-1786

Date: January 19, 2024

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of January, 2024, I electronically filed with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within Government's Motion to Permit Summary Witness in Courtroom During Trial. I hereby further certify that I served a copy on the defendant via email.

                                              */s/ Melissa S. Siskind*
                                              MELISSA S. SISKIND
                                              Trial Attorney